| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>MARGARET JOHNSON,<br><br>                            Plaintiff,<br><br>    - against -<br><br>MEDISYS HEALTH NETWORK, et al.,<br><br>                            Defendants.<br>-----------------------------------------------------------X | NOT FOR PUBLICATION<br><br><br><br>**MEMORANDUM & ORDER**<br><br>No. 10 CV 1596 (ERK) (VVP) |

KORMAN, J.:

I assume familiarity with the underlying facts and allegations. Plaintiff Margaret Johnson, appearing *pro se*,[1] commenced this action on November 9, 2009, in the Supreme Court of New York, Kings County, Notice of Removal, Ex. A at 1, ECF No. 1-2, which arose out of her prior employment by defendant MediSys Health Network, Inc. On April 8, 2010, defendants removed this action to the Eastern District of New York. *Id*., ECF No. 1.

On July 6, 2011, the parties attended a private mediation session at which Johnson was represented by counsel. McKenna Decl. ¶ 3, ECF No. 174-2. The parties entered into a settlement agreement ("July 2011 Agreement") which provided that: (1) MediSys would pay Johnson a sum certain to settle the matter, (2) Johnson would release all claims against defendants, and (3) the parties would formalize the settlement in a written agreement containing language acceptable to the parties. *Id*. ¶¶ 3-4. The next day, defendants sent a draft agreement to Johnson. *Id*. ¶ 4. On July 14, 2011, defendants learned that Johnson had fired her attorney

---

[1] Generally, when a party is proceeding *pro se,* the court reads its "supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) (citing *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir. 1993)). Although Johnson proceeds *pro se,* she is an attorney. Thus, she is not entitled to have her pleadings read with the degree of liberality given to non-attorney *pro se* plaintiffs. *See Muset v. Ishimaru*, 783 F. Supp. 2d 360, 364 n.1 (E.D.N.Y. 2011) (citing *Bliven v. Hunt*, 478 F. Supp. 2d 332, 334 (E.D.N.Y. 2007)).

1

and intended to proceed *pro se* and negotiate the terms of the settlement agreement herself. *Id*. ¶ 6.

On December 23, 2011, Johnson filed an amended complaint, naming approximately one-hundred corporate and individual defendants. ECF No. 142. On February 1, 2012, at a conference before Magistrate Judge Pohorelsky, defendants stated their intention to file a motion to dismiss and a motion to enforce the July 2011 Agreement. McKenna Decl. ¶ 11. Following that conference, Johnson reinitiated settlement discussions. *Id*. ¶ 12. During the next month, the parties negotiated the terms of a written settlement agreement ("Settlement Agreement"). *Id*. ¶ 12; *see also id*., Ex. D, ECF No. 174-6.

On March 8, 2012, Johnson notified defendants that she would accept the terms of the last draft of the Settlement Agreement. *Id*. ¶ 12, Ex. A., ECF No. 174-3. Defendants responded later that day that their insurer had agreed to fund the settlement amount. *Id*. ¶ 13, Ex. B., ECF No. 174-4. The next day, Johnson emailed defendants a scanned copy of the Settlement Agreement, including her signature on the agreement itself and on the stipulation and order of dismissal ("Stipulation"). *Id*. ¶ 14, Ex. C, ECF No. 174-5. Johnson advised defendants that she no longer had access to a notary and agreed to provide a notarized signature at a later date. *Id*. ¶ 14.

The Settlement Agreement includes the following provisions: (1) it is effective upon Johnson's execution, *id*., Ex. C at 8, (2) the monetary consideration payable to Johnson is due within seven business days following the agreement taking effect, *id*., Ex. C at 2-3, (3) Johnson is to deposit the checks payable to her within two business days of receipt, *id*., Ex. C at 2-3, and (4) counsel for MediSys will hold the Stipulation in escrow and may file it once the checks payable to Johnson have cleared, *id*., Ex. C at 2.

Johnson signed the Settlement Agreement on March 9, 2012. *See id.*, Ex. C at 10. At that time, defendants notified the court of the settlement. ECF No. 158; McKenna Decl. ¶ 17. On March 12, 2012, the action was discontinued without prejudice to Johnson's right to reopen the action if the settlement was not consummated. On March 13, 2012, Johnson moved for reconsideration of the order closing the case. ECF No. 159. On March 15, 2012, an order was filed denying Johnson's motion and reiterating that the prior order was without prejudice to Johnson's right to reopen the action if the settlement was not consummated.

Pursuant to the Settlement Agreement, defendants timely obtained the settlement checks and reference letters and made numerous attempts to arrange for the delivery of the settlement proceeds and reference letters to Johnson. McKenna Decl. ¶ 21. On March 20, 2012, Johnson appeared at defendants' counsel's office. *Id.* ¶ 21. In a declaration, Kathleen McKenna explains that one of defendants' attorneys offered the settlement checks and reference letters to Johnson, as well as the signatures of those defendants who had signed the Settlement Agreement as of that date, but Johnson refused to accept the settlement checks and reference letters, and demanded that all defendants – approximately one-hundred individuals and corporations – sign the Settlement Agreement before the Stipulation is filed. *Id.* ¶ 22. Johnson contends that after her arrival at defendants' counsel's office, "Ms. McKenna, Esq., was adamant and directed Mr. Rice, Esq., not to give Plaintiff her checks and settlement letters without Plaintiff agreeing to a new term." Pl. Mot. at 2, ECF No. 180. Specifically, Johnson claims that defendants wanted her signature notarized. Johnson Aff. at 2, ECF No. 184.

On March 21, 2012, Johnson again moved to reopen the case. ECF No. 160. On March 23, 2012, Johnson's motion was denied in order to allow for a full sixty days to consummate the settlement. On March 26, 2012, Johnson requested defendants send a messenger to drop off the

3

settlement checks and provide Johnson with the settlement signatures received at that time. McKenna Decl., ¶ 26, Ex. F at 1, ECF No. 174-8.  In that request, Johnson acknowledged that defendants "already have [her] signature on the settlement agreement, and stipulation as is required by the Agreement." *Id.*, Ex. F at 1.  On March 27, 2012, Johnson filed a motion for reconsideration of the denial to reopen her case.  ECF No. 162; McKenna Decl. ¶ 27.  Later that day and again on March 28, 2012, defendants replied by email and voicemail to Johnson's request, and inquired regarding Johnson's availability to receive a messenger.  *Id*. ¶ 28, Ex. G at 1, ECF No. 174-9.  Johnson did not respond.  *Id*. ¶ 30.

By April 23, 2012, defendants obtained and provided to Johnson the signatures of all of the defendants.  *Id*. ¶ 32, Ex. I, ECF No. 174-11.  On that date, defendants wrote to Johnson in an attempt to deliver to her the settlement proceeds and reference letters.  *Id*. ¶ 33, Ex. J, ECF No. 174-12.  Johnson did not respond.  *Id*. ¶ 34.  A hearing was held on Johnson's motion for reconsideration of the denial to reopen her case (filed March 27, 2012) before Magistrate Judge Pohorelsky on May 10, 2012.  At that hearing, defendants proffered the settlement proceeds, reference letters, and the signatures of all defendants.  *Id*. ¶ 35.  Johnson refused to accept the proffer.  *Id*. ¶ 35.  On May 16, 2012, in light of defendants' stated intention to file this motion to enforce settlement, I found Johnson's motion for reconsideration moot.

On May 21, 2012, defendants moved to enforce the settlement and to dismiss the amended complaint with prejudice.  ECF No. 174, 175.  On May 31, 2012, Johnson moved to reopen the case.  ECF No. 180.  The Stipulation has continued to be held in escrow because the Settlement Agreement requires that the settlement checks clear before the Stipulation can be filed.  McKenna Decl., Ex. C at 2.

4

## DISCUSSION

"Settlement agreements to end litigation are strongly favored by courts and are not lightly cast aside." *Collick v. United States*, 552 F. Supp. 2d 349, 352 (E.D.N.Y. 2008) (citing *Willgerodt on Behalf of Majority Peoples' Fund for 21st Century, Inc. v. Hohri,* 953 F. Supp. 557, 560 (S.D.N.Y. 1997)). "Once reached by the parties, settlement agreements are binding and enforceable." *Id*. (citation omitted). "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Delyanis v. Dyna-Empire, Inc.*, 465 F. Supp. 2d 170, 173 (E.D.N.Y. 2006). "[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Red Ball Interior Demolition Corp. v. Palmadessa,* 173 F.3d 481, 484 (2d Cir. 1999). "Pursuant to New York law, to have a binding settlement agreement, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." *Collick*, 553 F. Supp. 2d at 352 (citation omitted). A plaintiff's "[a]fterthought or change of mind are not sufficient to justify rejecting a settlement." *Willgerodt*, 953 F. Supp. at 560 (citations omitted); *see also Rivera v. State*, 496 N.Y.S.2d 230, 231 (N.Y. App. Div. 1985) (1st Dep't). "[A] party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach." *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007).

Here, there is no dispute that the Settlement Agreement has been executed by Johnson and all defendants. *See* Pl. Mot. at 1; McKenna Decl. ¶ 32, Ex. I. By the Settlement Agreement's express terms, it became effective upon Johnson's execution on March 9, 2012. *Id*., Ex. C at 8. Johnson argues that "[a]n essential term of the settlement agreement was that I would receive the monetary consideration, and the two good reference letters on or before March

5

20, 2012." Pl. Mot. at 1.  According to the Settlement Agreement, the monetary consideration payable to Johnson is due within seven business days following the agreement taking effect. McKenna Decl., Ex. C at 2-3.  Since it was effective on March 9, 2012, the monetary consideration should have been paid to Johnson by March 20, 2012.  The parties disagree why that did not occur by that date or on several other occasions thereafter.  While it is hardly clear that defendants were responsible for a delay in transferring the monetary consideration, even if they were, it would not amount to a material breach of the Settlement Agreement.  *See Lipsky v. Commonwealth United Corp.*, 551 F.3d 887, 895 (2d Cir. 1976) ("[A material breach is] one which . . . is so substantial as to defeat the purpose of the entire transaction.").

Moreover, it is undisputed that on May 10, 2012, defendants attempted to provide the settlement proceeds, reference letters and original signatures of all defendants on the Settlement Agreement to Johnson during an on-the-record hearing before Magistrate Judge Pohorelsky.  Tr. at 5-6, 13-14, ECF No. 181.  It is clear from the transcript of that hearing that Johnson refused to accept the monetary compensation at that time.  Johnson's assertion in her submission of May 31, 2012 that "[defendants' counsel] has been sitting on these checks for approximately three months" to effectuate an "undue long tactical delay[]," Pl. Mot. at 2, lacks validity in light of her refusal to accept those checks three weeks earlier in Magistrate Judge Pohorelsky's courtroom.

In her submissions, Johnson articulates no cognizable legal argument why the Settlement Agreement should not be enforced.  Indeed, she cites only one case, for the proposition that her signature on the Settlement Agreement need not be notarized to be valid.  *See* Johnson Aff. at 2 (citing *Omega Eng'g, Inc. v. Omega, SA*, No. 98CV2464 (AVC)(TPS), 2004 WL 2191588 (D. Conn. Aug. 12, 2004), *aff'd*, 432 F.3d 437 (2d Cir. 2005)).  This point is undisputed and also supports the enforcement of the Settlement Agreement.  *See* Defs. Reply at 1 n.2, ECF No. 185.

6

## CONCLUSION

The motions of the defendants to enforce the settlement agreement and to dismiss the amended complaint with prejudice are granted. The plaintiff's motion to reopen the case is denied.

SO ORDERED.

Brooklyn, New York
March 29, 2013

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge